IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Frank Nashon Badgett, | Case No. 3:12 CV 321 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| | JUDGE JACK ZOUHARY |
| Robert Farley, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Frank Nashon Badgett filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner is currently in federal custody at the Elkton Federal Correctional Institution in Ohio serving a 274-month sentence for conspiracy to possess with intent to distribute cocaine and marijuana in violation of  21 U.S.C. §§ 841(a)(1) and 846.  Petitioner seeks to vacate a sentencing enhancement that resulted in a career offender classification.  Petitioner's leave to file a supplemental brief (Doc. 4) is granted.  However, for the reasons set forth below, the Petition itself is denied.

## BACKGROUND

Petitioner was indicted in October 2006. *See United States v. Mariscal, et al.*, No. 06-0474 (N.D. Ohio 2006).  A superseding indictment was filed five months later charging Petitioner with conspiracy and possession with intent to distribute cocaine (Doc. 1-1 at 4).  In May 2007, Petitioner pled guilty to both charges (Doc. 1-1 at 4).  The following day, the Government filed a Notice of Information, pursuant to 21 U.S.C. § 851(a)(1) (Doc. 1-1 at 4), which established Petitioner's prior conviction for the delivery/manufacture of a controlled substance on or about July 1995 in Michigan

(*See* Case No. 95-026537, Doc. 146).  The Presentence Report identified another prior conviction, for possession/purchase of a controlled substance in California in September 1992 (Doc. 1-1 at 7).  These "drug trafficking offenses" qualified Petitioner as a "career offender" and form the basis for a sentencing enhancement under Sections 2L1.2(b)(1)(A) and 4B1.1(a)(2) of the Sentencing Guidelines (Doc. 1-1 at 9).  Accordingly, in October 2007, Petitioner was sentenced to serve 274 months in prison, plus ten years of supervised release (Doc. 1-1 at 4).  Petitioner did not appeal or move to vacate his sentence pursuant to 28 U.S.C. § 2255.

Petitioner now raises five grounds for habeas relief.  First, he alleges the Government failed to comply with the notice requirements for the sentencing enhancement under 21 U.S.C. § 851(a) (Doc. 1-1 at 5).  Relying on *United States v. Olson*, 716 F.2d 850, 853 (11th Cir. 1983), and *Harris v. United States*, 149 F.3d 1304, 1307 (11th Cir. 1998), he contends the Government's untimely filing of its Notice of Information stripped this Court of jurisdiction to enhance his sentence (Doc. 1-1 at 5).

Second, Petitioner maintains he is innocent of one of the predicate convictions used to establish his career offender status (Doc. 1-1 at 7).  Specifically, he argues his conviction for possession/purchase of a controlled substance in California, a violation of California Health and Safety Code § 11351, "does not categorically qualify as a predicate conviction for a career offender enhancement." (Doc. 1-1 at 7).  For support, Petitioner cites *United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir.  2012), a recent Ninth Circuit opinion which held a felony conviction under Health and Safety Code § 11351 does not categorically qualify as a "drug trafficking offense" for purposes of Guidelines Section 2L1.2(b) (Doc. 4 at 1–2).

Third, Petitioner claims that because the amount of drugs attributed to him in the Presentence Report was inaccurate, he is "actually innocent" of the sentence imposed (Doc. 1-1 at 10). He attacks the Report's reliance on the number of times he traveled to a drug destination, among other evidentiary deficiencies, as an unreliable estimate of the quantity of drugs attributable to him (Doc. 1-1 at 10–11).

Petitioner's fourth ground for relief asserts this Court failed to reveal whether it had applied the principle of "Erring on the Side of Caution" for sentencing purposes before attributing a quantity of 50 kilograms to 150 kilograms of cocaine to him (Doc. 1-1 at 12–13).

Finally, Petitioner argues the Sentencing Commission "exceeded [the] statutory underpining [sic] of [the] career offender provision by extending [the] definitions of career offender to include conspiracy" (Doc. 1-1 at 14). Petitioner asserts it was improper to use a prior conviction for conspiracy to trigger career offender status (Doc. 1-1 at 14).

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v.*

3

*Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

Federal prisoners seeking to challenge the imposition of a sentence generally must file a Motion to Vacate with the sentencing court under 28 U.S.C. § 2255.  *See Braggs v. Perez*, 42 F. App'x 678, 679 (6th Cir. 2002).  A provision in Section 2255 known as the "savings clause" mandates that courts "shall not" entertain an application for a writ of habeas corpus challenging a sentence unless it appears the petitioner's remedy by motion to vacate is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see United States v. Barrett*, 178 F.3d 34, 49 (1st Cir. 1999).  The savings clause has been utilized as an outlet for prisoners to claim actual innocence when they would otherwise have been barred from a second or successive Section 2255 petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Charles v. Chandler*, 180 F.3d 753, 756–57 (6th Cir. 1999).  However, "where a prisoner had an opportunity to present his claim properly in his first Section 2255 petition, but failed to do so, any 'ineffectiveness' of his current Section 2255 petition is due to him and not to Section 2255."  *Barrett*, 178 F.3d at 53.

Petitioner bears the burden of showing that his remedy under Section 2255 is inadequate or ineffective.  *Charles*, 180 F.3d at 756.  He may do so by showing that he is "actually innocent" of the offense for which he has been convicted.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. . . 'actual innocence' in this regard means factual innocence, rather than mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Without

4

determining the exact scope of the savings clause, the Sixth Circuit concluded that claims must show an intervening change in constitutional law or introduce newly discovered evidence to establish a petitioner's actual innocence. *Lott v. Davis*, 105 F. App'x 13, 15 (6th Cir. 2004); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Here, Petitioner has failed to meet his burden. He has not shown an intervening change in constitutional law, or introduced newly discovered evidence that could render him innocent of the charges to which he pled guilty. Petitioner claims he is actually innocent, but attacks his conviction and sentence based on allegations of legal insufficiency. He alleges the Government failed to file a timely Notice of Information, the Presentence report had inaccurate estimates of drug quantities, the Court failed to adhere to a principle of sentencing, and the Guidelines were wrongly interpreted. These are assertions of legal error beyond the boundaries of an actual innocence claim. *See Bousley*, 523 U.S. at 623.

His cite to *Leal-Vega* as a possible intervening change in constitutional law is unconvincing. That case addresses possible interpretations of the term "controlled substance" as it is used in the Guidelines. *Leal-Vega*, 680 F.3d at 1164. It does not address a change in constitutional law and, in fact, undermines Petitioner's argument. In *Leal-Vega*, the prisoner's predicate conviction for possession of a controlled substance did not qualify *categorically* as a "drug trafficking offense" under the Guidelines; however, it qualified as such under a *modified categorical* approach. *Id.* at 1171. As a result, a higher-level enhancement should have been applied. *Id.* at 1169. Under this rule, Petitioner's conviction for possession/purchase of a controlled substance in California would similarly qualify as a predicate for enhancement under a modified categorical approach.

5

Furthermore, unlike prisoners who were unable to present their claims on appeal or in a Section 2255 motion, *see e.g.*, *In re Davenport*, 147 F.3d 605, 610–611 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 379–80 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), Petitioner was not precluded from raising his allegations of legal insufficiency following his conviction and sentencing before the Court.

Therefore, Petitioner is now procedurally barred from filing an appeal or Section 2255 motion. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  Apart from this preclusion, Petitioner has stated no basis upon which this Court can find his remedy under Section 2255 to be inadequate or ineffective.  Habeas relief under Section 2241 does not afford "an additional, alternative, or supplemental remedy to that prescribed under Section 2255." *Charles*, 180 F.3d at 758.  Because the claims in this Petition could have been timely raised on appeal or as a Section 2255 motion, and because Petitioner has not demonstrated that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," Petitioner is not entitled to relief under Section 2241. *Bousley*, 523 U.S. at 623.

### CONCLUSION

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

               s/ *Jack Zouhary*
               JACK ZOUHARY
               U. S. DISTRICT JUDGE

               July 11, 2012